WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Taylor,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jo Anne B. Barnhart,<br>Commisioner of Social Security,<br><br>　　　　　Defendant. | NO. CIV-05-1152-PCT-SMM<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 10), and Defendant's Cross-Motion for Summary Judgment (Dkt. 13). After consideration of the arguments advanced by the parties, the Court makes the following rulings.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits with the Social Security Administration ("SSA") on March 5, 2001, alleging an onset date of disability of March 1, 2000. (Administrative Record ("AR") 116-119). Plaintiff asserted disability on the basis of chronic thrombocytopenia, Crohn's disease, and seizures, and epilepsy. (AR 116). Plaintiff's application was denied, at which time Plaintiff moved the agency for reconsideration. (AR 82-84). On reconsideration, the agency affirmed its decision. (AR 89-88). Plaintiff then requested a hearing, which was held on February 27, 2003. On August 29, 2003, Administrative Law Judge ("ALJ") Ronald S. Robins ruled that Plaintiff

was not disabled, and therefore not entitled to benefits. (AR 18-28). In so finding, the ALJ determined that Plaintiff has the severe impairments of Crohn's disease and a seizure disorder. (AR 22). Furthermore, the ALJ found Plaintiff is unable to perform her past relevant work, but able to make an adjustment to other work which exists in significant numbers in the national economy. (AR 22). Plaintiff requested agency review of the ALJ's decision on October 18, 2003. The Appeals Council declined to review the ALJ's determination, thereby rendering the decision of the ALJ the agency's final determination. Plaintiff now seeks judicial review of the ALJ's determination from this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). When reviewing factual determinations by the Commissioner, acting through the administrative law judge, this Court affirms if substantial evidence supports the determinations. See Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003); Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003); Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence, considering the entire record, is relevant evidence which a reasonable person might accept as adequate to support a conclusion. Howard, 341 F.3d at 1011; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. See Batson, 359 F.3d at 1193; McCartey v. Massanari, 298 F.3d 1072,

1075 (9th Cir. 2002).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  See Benton, 331 F.3d at 1040; Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes.  See Edlund, 253 F.3d at 1156; McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000).

## DISCUSSION

Plaintiff alleges two grounds of error committed by the ALJ warranting summary judgment in Plaintiff's favor:  the findings that Plaintiff (1) suffers no legally severe mental impairment and (2) the side effects of Plaintiff's medications did not preclude sustained work activity both lack the support of substantial evidence.

### I. Finding No Legally Severe Mental Impairment

To qualify for disability benefits, a claimant must show that a medically determinable physical or mental impairment prevents her from engaging in substantial gainful activity, and that the impairment is expected to result in death or to last for a continuous period of at least twelve months.  42 U.S.C. § 423(d)(1)(A).  Disability claims are evaluated according to a five-step procedure.  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps."  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000).

At the second step of the procedure, the SSA considers the medical severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  Step two requires that the claimant have one or more "severe impairments that significantly limit [his] physical or mental ability to conduct basic work activities."  Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir.2003); see also 20 C.F.R. § 404.1520(c).  If the claimant does not have a medically determinable physical or mental impairment that is severe and meets the duration requirement of at least twelve continuous months, then the claimant will be found not disabled.  20 C.F.R. §

404.1520(a)(4)(ii). However, it is possible for the claimant to have a period of disability for a time in the past even though they do not now have a severe impairment. 20 C.F.R. § 404.1520(c).

Here, Plaintiff alleges the ALJ erroneously dismissed her psychiatric impairments at step two because "the ALJ's reasoning implies that [Plaintiff's] psychiatric impairments only began in February of 2003," which the record belies. (Dkt. 10 at 14-16). The Court recognizes how Plaintiff may have construed the ALJ's statement in this manner. However, the ALJ did not find that Plaintiff's mood disorder *began* in February of 2003. Rather, the ALJ stated the fact that "claimant was *diagnosed* with an adjustment disorder with depression and anxiety in February 2003 and began treatment thereafter (See Exhibit 28F)." (TR 22) (emphasis added). The ALJ then continued, "There is no indication that this impairment will impose more than a minimal *impact* on the claimant's capacity to perform basic work activities for a period of at least 12 continuous months with adherence to prescribed treatment." (TR 22) (emphasis added).

Furthermore, the test at step two is not whether Plaintiff endured a mental impairment for at least twelve months, but whether that impairment significantly limits her capacity to do basic work activities for a period of twelve continuous months. See 20 C.F.R. §§ 404.1520(c). "The mere existence of an impairment is insufficient proof of a disability." Matthews v. Shalala, 10 F.3d 678 (9th Cir. 1993). Plaintiff's argument focuses only on the duration of the impairment without raising any issue as to the ALJ's determination that the impairment will not impact her capacity to do basic work activities. For instance, Plaintiff does not dispute the ALJ's interpretation of the medical opinion evidence. Plaintiff only raises evidence that demonstrates the time period of disability, such as her daughter's illness and death in 2001. However, Plaintiff's application had already alleged the onset disability date of March 1, 2000, and the ALJ had medical records dated from 1991 providing substantial evidence to support his determinations. (Tr. 116-119). There is no indication

that the ALJ ignored or disregarded Plaintiff's circumstances to reach his conclusions, as Plaintiff alleges. (Dkt. 10 at 15). The ALJ did not commit legal error in determining that Plaintiff's mental impairments would not impose a severe impact on her ability to perform basic work activities for a continuous period of time.

## II. Finding that the Medications' Side Effects Did Not Preclude Sustained Work Activity

Plaintiff also alleges the record contains sufficient evidence to support the existence of memory problems as side effects from her prescribed medications. If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. See Batson, 359 F.3d at 1193; McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. See Benton, 331 F.3d at 1040; Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

In particular, Plaintiff argues that her clear testimony at the hearing on February 27, 2003, and the emergency room doctors' notes when she was admitted on May 29, 2000 for abdominal pain with worsened ataxia and confusion, constitute sufficient evidence of memory problems. (Dkt. 10 at 16). In addition, Plaintiff relies on Dr. Lang's notes about her memory and mood, and Dr. Boschert's notes about her depression and anxiety exacerbated by her use of prednisone. Id. However, Plaintiff did not testify at the hearing as clearly as she contends. Rather, when asked about whether she suffers any side effects from her medications, Plaintiff testified her "memory is not all that wonderful." (AR 59). Furthermore, the ALJ noted concerns with Plaintiff's credibility, finding that "she may be prone to exaggeration of her symptoms," and Plaintiff does not challenge that credibility determination. (AR 25). Although the emergency room doctors noted Plaintiff's confusion at the time of her admission, her regular treating physicians, Dr. Boschert and Dr. Vine, did

not later report any side effects from her medications.  (AR 329-31, 415-20, 793-98). Similarly, Dr. Lang's observations were not expressly attributed to any particular cause, which Plaintiff concedes. (Dkt. 10 at 17).  The ALJ considered Plaintiff's extensive medical record, but found "her treatment record reflects little support for any significant limitations related to such an alleged side effect."  (AR 26).  The ALJ based his decision "upon a thorough review of all the claimant's impairments, both severe and nonsevere, considered singly and in combination" (AR 26).  Because the ALJ is responsible for determining credibility and resolving ambiguities, this Court cannot substitute its judgment for that of the ALJ.

Plaintiff further contends there is no support for the ALJ's conclusion that the medications' side effects are not "significant enough to preclude sustained work activity." (Dkt. 10 at 17).  In particular, Plaintiff argues that the ALJ was required to seek testimony from a vocational expert about the impact of an impaired memory on the relevant job base. Id.  However, Plaintiff has the burden of proof in the first four steps of the five-step sequential process.  See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the plaintiff makes out a prima facie case of disability, then the burden shifts to the Commissioner to establish that the claimant can perform a significant number of other jobs in the national economy.  Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).  The Commissioner can meet this burden through the testimony of a vocational expert.  See id.

In the present case, the ALJ considered Plaintiff's allegations of memory problems and was "not persuaded that such a side effect is significant enough to preclude sustained work activity."  (AR 26).  Because Plaintiff failed to meet her burden of establishing a disability, the burden did not shift to the ALJ, compelling him to seek out a vocational expert's testimony.

///

///

**CONCLUSION**

For the foregoing reasons, the decision of the ALJ is supported by substantial evidence. See Celaya v. Halter, 332 F.3d at 1180; Saelee v. Chater, 94 F.3d at 521. Therefore, summary judgment in favor of Defendant is appropriate as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 10) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Dkt. 13) is hereby **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST CINDY TAYLOR.**

DATED this 28th day of July, 2006.

_____
Stephen M. McNamee
United States District Judge